FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 20 2007

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODERICK LESHUN RANKIN                                          PETITIONER

No. 5:06-CV-00228 JMM

LARRY NORRIS, Director,                                         RESPONDENT
Arkansas Department of Correction

## ORDER

Pending before the Court are Petitioner's Renewed Motion for Discovery [Doc. No. 14], Respondent's Response to Petitioner's Renewed Motion for Discovery [Doc. No. 22] and Petitioner's Reply to Respondent's Response [Doc. No. 25].

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states: A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

> The seminal case on discovery in federal habeas proceedings and the applicability of Rule 6(a) is the Supreme Court's ruling in *Bracy v. Gramley*, 520 U.S. 899 (1997). A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Id.* at 904. The first step in determining if a petitioner is entitled to discovery under Rule 6(a) is identifying the 'essential elements' of the petitioner's substantive claims. *Id.* Next, the court must evaluate whether petitioner has shown good cause for the requested discovery by determining if the petitioner's specific allegations give the court reason to believe that, if the facts are fully developed, petitioner will be able to demonstrate that he is entitled to relief. *Id.* at 908-09. When the petitioner has made such a showing it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry. *Id.*; see also *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004).
>
> *Cole v. Roper*, Case No. 4:05CV131 CDP, 2007 U.S. Dist. LEXIS 35988, 3-4 (May 16, 2007, E.D. Mo. 2007).

1

Rule 6 permits discovery only if and only to the extent that the district court finds good cause. Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris v. Nelson*, 89 S. Ct. 1082, 1086. (1969). The Supreme Court has developed a general approach to the question of whether a petitioner has established "good cause" sufficient to warrant discovery under Rule 6(a). *See Bracy*, 520 U.S. at 904-09. "In order to show 'good cause' under Rule 6(a), a petitioner must provide the Court with 'specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' *Bracy*, 520 U.S. at 908-909." *Aldridge v. United States*, Case No. 06-1025-CV-WKL-P, 2007 U.S. Dist. LEXIS 31938, 4-5 (May 1, 2007, W.D. Mo. 2007).

"Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. See *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) (citing *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). Simply put, Rule 6 does not authorize fishing expeditions. See *Ward*, 21 F.3d at 1367." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); see also *Cole v. Roper*, Case No. 4:05CV131 CDP, 2007 U.S. Dist. LEXIS 35988, 8-9 (May 16, 2007, E.D. Mo. 2007).

The discovery request before the Court seeks a large amount and wide variety of evidence regarding several of Petitioner's habeas claims. However, Petitioner's requests are overly broad. Petitioner needs to narrrowly tailor his discovery request to ask for particular information that seeks to support his substantive claims. Petitioner must state in his discovery request in what way the particular information supports a claim which has not been procedurally defaulted.

2

Therefore, the Court hereby permits Petitioner to file an amended discovery request within thirty days of this order.

IT IS SO ORDERED, this 20 day of August, 2007.

_____
United States District Court Judge