IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODERICK LESHUN RANKIN                                                PETITIONER

5:06 CV 00228 JMM

LARRY NORRIS, Director of the
Arkansas Department of Correction                                     RESPONDENT

## ORDER

Petitioner has filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Doc. #46, 50. Respondent has responded. Doc. #49.

Petitioner claims that his petition for writ of habeas corpus is "mixed" because it contains exhausted and unexhausted claims. He has requested the Court stay his federal habeas proceedings and hold the case in abeyance so that he may return to state court to litigate his "unexhausted claims." Respondent claims that Petitioner has not demonstrated "good cause" to grant the motion. Doc. #49 at 2.

Section 2254 requires that a state prisoner who files a petition must have exhausted available state court remedies with respect to every claim raised in the federal petition, i.e., on direct appeal and state habeas corpus review. 28 U.S.C. § 2254(b)(1). Filing a federal petition with both exhausted claims and unexhausted claims ordinarily will result in dismissal of the entire petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or unless the federal court proceeds to deny the unexhausted claims on the merits. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(2). The Supreme Court

has held, however, that federal district courts have limited discretion to hold mixed petitions in abeyance in order to permit a petitioner to return to state court to complete exhaustion of all his claims. *Rhines v. Weber*, 544 U.S. 269 (2005).

> The Supreme Court has now squarely addressed this issue and determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition. The Court determined that the stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, . . . and even showing good cause, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

*Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005) *citing Rhines v. Weber*, 544 U.S. 269 (2005) (citations and quotations omitted).

To determine whether a stay pending exhaustion would be appropriate, a petitioner must be given an opportunity to demonstrate that he has satisfied *Rhines*. Accordingly, Petitioner must demonstrate: (1) good cause for his failure to exhaust his claims first in state court, (2) show that his unexhausted claims are not plainly meritless, and (3) demonstrate that he has not engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78.

Therefore, Petitioner is directed to file, within sixty (60) days of the entry date of this order, a statement listing the claims he believes have been exhausted and the ones that have not been exhausted. For those claims that are unexhausted, Petitioner should present argument on

whether the three-prong test from *Rhines* has been met. Respondent is directed to file its response within forty-five (45) days of Petitioner's pleading.

IT IS SO ORDERED THIS 25 DAY OF NOVEMBER, 2008

James M. Moody
United States District Judge