IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODERICK LESHUN RANKIN                                                                    PETITIONER

5:06 CV 00228 JMM

LARRY NORRIS, Director of the
Arkansas Department of Correction                                                         RESPONDENT

## ORDER

Before the Court is Petitioner's Motion for Stay and Abeyance of Federal Proceedings (Docket # 46) and Petitioner's Motion for Evidentiary Hearing (Docket # 56).  Respondent opposes the stay and abeyance motion, arguing that Petitioner has not shown good cause to excuse the failure to exhaust his state remedies and that the claims in question are technically exhausted, as state remedies are no longer available.  (Docket # 49).  Respondent also opposes the Motion for Evidentiary hearing, arguing that an evidentiary hearing regarding mental retardation is not warranted because Petitioner received a full and fair evidentiary hearing in state court; alternatively claiming the issue is procedurally defaulted.  (Docket # 57).  For the reasons discussed below, Petitioner's Motion for Stay and Abeyance of Federal Proceedings (Docket # 46) is GRANTED and Petitioner's Motion for Evidentiary Hearing (Docket # 56) is DENIED.

### Exhaustion

Before a federal court will review the merits of a petitioner's habeas claims, normally the petitioner must exhaust available state judicial remedies.  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  State courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court.  *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991).  The exhaustion doctrine has been codified in the

federal habeas statute. 28 U.S.C. § 2254 (b)(1). The exhaustion of remedies requirement is satisfied if the petitioner has "fairly presented" his claims to the state court, thus preserving those claims for federal review, by properly raising both the factual and legal bases of the claim in state court proceedings, affording that court "a fair opportunity to rule on the factual and theoretical substance of [the] claim." *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citations omitted).

However, "[t]he question of exhaustion 'refers only to remedies still available at the time of the federal petition,' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan v. Boerckel*, 526 U.S. 838, 851 (1999) (Stevens, J., dissenting (quoting *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982))); *see O'Sullivan*, 526 U.S. at 848 (Court's opinion) (agreeing with the dissent's description of the law of exhaustion)). "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). The *Woodford* Court further explained that a claim is technically exhausted when "state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal. . . ." *Id.*

Mixed Petition

Without specifying which claims, Petitioner argues that some of the claims contained in

his Petition are unexhausted. (Docket # 46). In discussing state relief that is currently available for his unexhausted claims, Petitioner mentions that his mental retardation and actual innocence claims are unexhausted. *Id.* at 6. Respondent concedes that some of Petitioner's claims have not been fairly presented to state courts. (Docket # 57, p. 8 ("Rankin's is not a mixed petition, despite his failure to fairly present his defaulted claims....")). However, Respondent argues that the claims Petitioner failed to present to state courts are foreclosed by state procedural rules and are now technically exhausted. *Id.* at 8.[1]

Although, the Court has requested Petitioner specify the claims they assert are unexhausted, which Petitioner has failed to do, the Court finds that an exhaustion analysis of each claim is not necessary. Both parties agree that there are claims that have not been fairly presented to state courts. The contention between the parties on the issue of exhaustion relates to whether state remedies are currently available.

Clearly, Petitioner no longer meets the time limits as proscribed by Arkansas law regarding the filing for post-conviction relief. *See Ark. R. Crim. P. 37. 2(c)* (setting limits of 60 or 90 days following conviction, depending upon the circumstance). However, the Arkansas Supreme Court has not routinely enforced statutory time limits in capital cases where "good cause" has been shown for the untimely post-conviction petition. *Roberts v. Norris*, 526 F.

---

[1] As Respondent's argument that the claims are technically exhausted can be viewed as an express waiver of the exhaustion requirement, the court rejects Respondent's waiver in the interest of comity and Petitioner's desire to pursue available state remedies. 28 U.S.C. § 2254(b)(3) (requiring waiver by State to be expressly stated); *Granberry v. Greer*, 481 U.S. 129 (1987) (State waiver of exhaustion should be assessed by federal courts in a case-by-case manner in deciding whether justice would be better served by requiring additional state proceedings, there is a "presumption in favor of requiring the prisoner to pursue his available state remedies"); *see also Justus v. Murray*, 897 F.2d 709, 711 (4th Cir. 1990) ("By consent of the parties, the petition was dismissed" so petitioner could seek state exhaustion).

Supp. 2d 926, 947 (E.D. Ark. 2007) (citing *Porter v. State*, 339 Ark. 15, 2 S.W.3d 73 (Ark. 1999) (untimely post-conviction petition permitted when good cause was shown, as petitioner may not have been represented but reasonably assumed he was represented by counsel)).

"Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority." *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991) (citing *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir. 1980)). "If a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceeding should be dismissed without prejudice or stayed while the claim is fairly presented to them." *Sloan v. Delo*, 54 F.3d 1371 (8th Cir. 1995) (citations omitted); *see Pike v. Guarino* 492 F.3d 61, 74 (1st Cir. 2007) ("[A] federal court always must be chary about reaching a conclusion, based upon a speculative analysis of what a state court might do, that a particular claim is procedurally foreclosed.").

Arkansas has imposed time limits on petitioners seeking post-conviction relief. However, those time limits are not strictly enforced in capital cases. Therefore, the Court cannot be certain whether the state courts will accept an untimely post-conviction filing by Petitioner. There is a plausible argument that state remedies are available.[2] The Court finds that the Petition is mixed, as it contains both exhausted and unexhausted claims. Having found that Petitioner has filed a mixed petition, the analysis turns to whether the exhausted claims should be stayed and held in abeyance while Petitioner exhausts his state remedies.

<u>Stay and Abeyance Procedure under *Rhines v. Weber*</u>

Filing a federal petition with both exhausted claims and unexhausted claims ordinarily

---

[2]As the Court has found that there is a plausible argument that state post-conviction remedies exist, additional state remedies that may exist will not be addressed.

will result in dismissal of the entire petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or the federal court proceeds to deny the unexhausted claims on the merits. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254 (b)(2). The United States Supreme Court has recognized that a petitioner risks losing the right to federal habeas review by application of the statute of limitations when a mixed petition is dismissed due to unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). At this point, the statute of limitations has run. If the Petition was now dismissed, Petitioner would be unable to refile it in federal court after exhausting the unexhausted claims. *See Rhines*, 544 U.S. at 271. To alleviate the hardship that comity and the statute of limitations places on petitioners with mixed petitions, the United States Supreme Court has recognized the availability of staying the exhausted claims and holding the unexhausted claims in abeyance. *Rhines*, 544 U.S. at 276-77. However, district courts are not without limitation in their ability to use the stay and abeyance procedure. District courts can only employ the procedure if (1) there is good cause for a petitioner's failure to exhaust his claims, (2) the unexhausted claims are not "plainly meritless," and (3 ) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. Additionally, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

The United States Supreme Court has not defined "good cause" in *Rhines* or in other cases discussing the stay and abeyance procedure. Accordingly, federal courts have failed to reach a consensus regarding what constitutes good cause under *Rhines*. A good analysis of the current law regarding the good cause definition under *Rhines* is contained in *Whitepipe v. Weber*, 536 F. Supp. 2d 1070, 1090 (D.S.D. 2007). Some courts have resorted to applying the definition

of good cause applicable to procedural defaults, which requires a petitioner to show that an "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson*, 501 U.S. 722 (1991). *Whitepipe*, 536 F. Supp. 2d at 1090 (citing *Carter v. Friel*, 415 F. Supp. 2d 1314, 1318 (D. Utah 2006); *Fernandez v. Artuz*, No. 00 Civ. 7601, 2006 U.S. Dist. LEXIS 1316, 2006 WL 121943 at *5 (S.D.N.Y. Jan. 18, 2006); *Pierce v. Hurley*, No. 2:05-CV-392, 2006 U.S. Dist. LEXIS 1507, 2006 WL 143717 at *8 (S.D. Ohio Jan. 18, 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206 (C.D. Cal. 2005)). Other courts have determined that good cause under *Rhines* is a less stringent standard than the one applicable to procedural defaults. *Id.* (citing *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005); *Rhines v. Weber*, 408 F. Supp. 2d 844, 848-49 (D.S.D. 2005)).[3] In support of placing the *Rhines* good cause standard below the one applicable to procedural default, the remanded *Rhines* (*Rhines II*) court cited the Supreme Court's finding of good cause when the petitioner was reasonably confused about timeliness. *Id.* at 849 (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In addressing the exhaustion issues in the present capital case, the Court adopts the good cause standard as defined by the *Rhines II* court, a standard less stringent than the one applicable to procedural defaults. *See Rhines*, 408 F. Supp. 2d at 848-49.

Petitioner argues that good cause exists for his failure to exhaust all of his claims, specifically, good cause exists because: (1) there was reasonable confusion about whether any state court filings would be timely; (2) Petitioner's state post-conviction attorney provided

---

[3] Another court determined that the *Rhines* good cause standard lies somewhere between the "lower threshold of unfairness" and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *Whitepipe*, 536 F. Supp. 2d at 1090 (citing *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)).

ineffective assistance of counsel in failing to fairly present the claims to the state court; and (3) Petitioner's mental illness and mental retardation prevented him from exhausting his state remedies. (Docket # 61).

Petitioner cites a Western District of Arkansas case to show that mental illness can be the basis for good cause. (Docket # 61 (citing *Newman v. Norris*, 597 F. Supp. 2d 890 (W.D. Ark. 2009))). However, *Newman* presented a situation whereby the petitioner was probably incorrectly found competent by the state courts and allowed to "waive[] all waivable appeals to the state courts and waive[] his right to appellate counsel," directly affecting the presentation of claims to the state courts. *Newman*, 597 F.Supp.2d at 896. In the current case, Petitioner has not shown that his alleged mental illness had any direct relation to what claims his attorneys presented to the state courts. The Court finds that Petitioner's alleged mental illness and mental retardation do not amount to good cause for failure to exhaust his state remedies.

Petitioner claims that counsel's ineffective assistance during state post-conviction proceedings amounts to good cause. As the federal courts are divided on the definition of good cause under *Rhines*, they are equally divided over whether ineffective assistance of post-conviction counsel constitutes good cause under *Rhines*. *Whitepipe*, 536 F. Supp. 2d at 1090. Without listing the various cites to cases on either side of the issue, the Court will again follow the analysis of the *Rhines II* court. The *Rhines II* court found that ineffective assistance of post-conviction counsel qualified as good cause since it is "analogous to the 'reasonable confusion' about timeliness cited in *Pace*...." *Rhines* 408 F. Supp. 2d. at 849. The *Rhines II* court addressed the respondent's concerns that any petitioner merely alleging ineffective assistance of habeas counsel will obtain a stay and abeyance, stating that "[t]he *Rhines* test, however, requires the

court to dismiss a motion for stay and abeyance where the petitioner engages in abusive litigation tactics or intentional delay, even if he has good cause and potentially meritorious claims." *Id.* (citation omitted). Accordingly, the Court finds Petitioner's alleged ineffective assistance of post-conviction counsel constitutes good cause to excuse his failure to exhaust his claims in state court. As the Court has already found that good cause exists to excuse Petitioner's failure to exhaust all of his claims in state court, it is not necessary to analyze whether Petitioner's confusion regarding the timeliness of state court filings constitutes good cause.

Petitioner's claims are potentially meritorious, in that none of his claims are "plainly" without merit. *See Roberts v. Norris*, 526 F. Supp. 2d 926, 949 (E.D. Ark. 2007) (finding that none of the claims contained in the 101 page petition are "plainly" without merit). Furthermore, the Court finds that there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Accordingly, the proper disposition of this mixed petition is to stay the case and hold it in abeyance while Petitioner returns to state court to exhaust his state remedies.

Evidentiary Hearing

Petitioner has requested an evidentiary hearing on his mental retardation claim. (Docket # 56). Petitioner argues that such a hearing will allow the federal habeas case to continue toward finality and will ultimately render other penalty claims moot. However, Petitioner has also argued that his mental retardation claim under *Atkins*, is unexhausted. It would be impossible to review the mental retardation claim on its merits prior to a state court ruling on the very same issue. Concerns for comity require the Court to first permit the state courts to rule on Petitioner's mental retardation claim. It would only frustrate judicial economy for an evidentiary

hearing to be held prior to the state courts' determination on the mental retardation issue. Accordingly, the Motion for Evidentiary Hearing (Docket # 56) is denied as premature.

Conclusion

For the sake of comity, before we can decide Petitioner's habeas claims, Arkansas courts must be permitted to review the unexhausted claims, which includes a mental retardation claim. Therefore, Petitioner's Motion for Evidentiary Hearing on his mental retardation claim (Docket # 56) is **DENIED** as premature. The motion may be renewed once the mental retardation claim has been exhausted. As discussed above, Petitioner meets the stay and abeyance procedure requirements set out in *Rhines*. Accordingly, Petitioner's Motion for Stay and Abeyance of Federal Proceedings (Docket # 46) is **GRANTED**. The stay is predicated upon the twin conditions that Petitioner promptly seek relief from state court regarding his unexhausted claims and then promptly return to this Court to diligently prosecute his Petition here.

Therefore, the Court orders that the case is **STAYED** and held in **ABEYANCE** on two conditions: (1) that Petitioner affirmatively seek relief on his unexhausted claims with the State of Arkansas within thirty (30) days of the date of this Order; and (2) that Petitioner act within thirty (30) days of a final decision by the state courts to request the stay be lifted, file an amended petition, and supplement the record with the entire state court records and decisions regarding the previously unexhausted claims. Starting August 2009, Petitioner will file monthly status reports to inform the Court of the status of state court proceedings.

IT IS SO ORDERED THIS 8th day of July 2009.

_____
James M. Moody
United States District Judge