# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

### THIS IS A CAPITAL CASE

**RODERICK LESHUN RANKIN**                                                          **PETITIONER**

vs.                                              **5:06-cv-00228-JM**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                 **RESPONDENT**

## ORDER

In November 2021, the Court determined Rankin was entitled to an evidentiary hearing on his procedurally defaulted ineffectiveness-of-trial-counsel claims related to (1) alleged mental impairments and traumatic social history; (2) any involvement of Rankin's brother, Rodney Rankin, in the three homicides for which Rankin was convicted of three counts of capital murder and sentenced to death; and (3) penalty-phase instructions on mitigating circumstances. Applying the *Martinez* equitable exception, the Court found a hearing was warranted because Rankin may be able to demonstrate excuse for procedural default based on ineffective assistance of post-conviction counsel. These are Claims 3, 4, 6, 9, 14, 18, and 22. The Court also found Rankin was entitled to an evidentiary hearing on actual innocence to overcome procedural default. And, though the existing *habeas* record is sufficient for review of the *Atkins* claim, the Court invited the parties to present other related evidence and argument. *No. 176.* The Court thereafter entered discovery and scheduling orders. *Nos. 180 & 181.* These Orders, *Nos. 176, 180*, and *181,* are vacated based on recent controlling precedent.

In *Martinez v. Ryan,* the United States Supreme Court determined that, under certain circumstances, ineffectiveness of post-conviction counsel is cause to excuse procedural default of ineffectiveness-of-trial-counsel claims. 566 U.S. 1 (2102); *see Trevino v. Thaler*, 569 U.S. 413

(2013). The Circuit subsequently held district courts are "authorized under 28 U.S.C. § 2254(e)(2) and required under *Trevino*" to grant an evidentiary hearing on defaulted ineffectiveness claims, if they are "potentially meritorious." *Sasser v. Hobbs,* 735 F.3d 833, 853–54 (8th Cir. 2013) (citing *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). The United State Supreme Court, however, recently decided *Shinn v. Ramirez*, 596 U.S. __, 2022 WL 1611786 (May 23, 2022), which applies 28 U.S.C. § 2254(e)(2) restrictions to procedurally defaulted ineffectiveness-of-trial-counsel claims. The Supreme Court held that, unless § 2254(e)(2) exceptions are met, federal courts "may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*." 2022 WL 1611786, *12.

Under *Shinn,* Rankin is entitled to an evidentiary hearing on procedurally defaulted ineffectiveness-of-trial-counsel claims only if he can overcome § 2254(e)(2):

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Rankin does not clear the statutory hurdle. His defaulted ineffectiveness-of-trial-counsel claims are not supported by facts that could not have been discovered by a diligent Rule 37 lawyer. This Court therefore is barred from holding an evidentiary hearing in assessing Rankin's

procedural-default excuses under *Martinez*. Review of Claims 3, 4, 6, 9, 14, 18, and 22 is limited to the state-court record.

For the sake of judicial efficiency, the Court decided to hear the actual-innocence evidence in conjunction with the now-barred hearing on the related procedurally defaulted ineffectiveness-of-trial-counsel claim. Evidence of actual innocence, however, cannot be addressed until Rankin's exhausted claims and other procedural defenses are resolved. *No. 176 at 7–8*; *Dretke v. Haley,* 541 U.S. 386, 393–394 (2004). If that review "does not obviate any need to reach the actual innocence question," the Court will revisit a hearing schedule. 541 U.S. at 388–89.

SO ORDERED this 14th day of June, 2022.

_____
JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE